UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-1820 CAS (Ex) | Date | April 25, 2013 |
|---|---|---|---|
| Title | RUDY S. GRIEGO V. SANDRA LLAMAS HUIZAR, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants

Not Present                                                Not Present

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE

## I.   INTRODUCTION & BACKGROUND

On June 15, 2012, plaintiff Rudy S. Griego filed this small claims case in the Los Angeles County Superior Court against defendants Sandra Llama Huizar and Miguel Angel Perez. Plaintiff claims that defendants owe $5,880 of "unpaid rent for 2554 E. Gage Ave. Huntington Park, CA 90255." Dkt. No. 1.

On March 13, 2013, defendant Miguel Angel Perez removed the case to this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and seemingly the United States Constitution's Full Faith and Credit Clause. Dkt. No. 1. On April 2, 2013, plaintiff filed a "response" to defendant's removal. Dkt. No. 5.

## II.   DISCUSSION

28 U.S.C. § 1331 provides federal courts with jurisdiction over actions that arise under the Constitution, laws, or treaties of the United States. "An action may "arise under" a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." Accordingly, an action based in state law may "arise under" federal law if the plaintiff's right to relief under state law requires resolution of a substantial question of federal law. Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983). Under the "well-pleaded complaint" rule, the federal question, which invokes federal jurisdiction, must appear from the plaintiff's complaint. A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-1820 CAS (Ex) | Date | April 25, 2013 |
|---|---|---|---|
| Title | RUDY S. GRIEGO V. SANDRA LLAMAS HUIZAR, ET AL. | | |

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.1992).

Here, defendants claim that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, defendants claim that this action "arises under" the Full Faith and Credit Clause of the United States Constitution. However, plaintiff's claim against defendants for unpaid rent does not "arise under" federal law or the Constitution of the United States, but instead arises under state law. Additionally, the case does not arise under 42 U.S.C. § 1983 because no state actor is involved. As such, this Court lacks subject matter jurisdiction over this case.[1]

### III.   CONCLUSION

In accordance with the foregoing, the Court REMANDS this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[1] In addition, this Court cannot exercise subject matter jurisdiction over this case due to the fact that defendants do not consent to the jurisdiction of the Superior Court.